141 F.3d 1183
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Fredy Alberto Garcia WAY, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-71000.
INS No. Aob-dob-evu.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted March 10, 1998.**
Decided March 18, 1998.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Fredy Alberto Garcia Way, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision finding him statutorily ineligible for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a),[1] and we deny the petition for review.
 
 
 3
 We review for substantial evidence the BIA's factual findings underlying its determination that an applicant is ineligible for relief, reversing only if the record evidence would compel a contrary conclusion. See Sangha v. INS, 103 F.3d 1482, 1487 (9th Cir.1997).
 
 
 4
 We reject Way's contention that he established either past persecution or a well-founded fear of persecution on account of his political or imputed political opinion. See id. at 1486-87. Specifically, Way failed to demonstrate that: (1) he possessed a political opinion contrary to either the Guatemalan military or the guerrillas; (2) the military or guerrillas actually imputed a contrary political opinion upon him; and (3) the military's attempt to conscript Way was merely a pretext for persecution. See id. at 1488-91; Abedini v. INS, 971 F.2d 188, 191-92 (9th Cir.1992). Moreover, Way conceded that he did not belong to any political organizations, and he never had any personal contact with the guerrillas. See Sangha, 103 F.3d at 1488-91. In sum, the record does not compel the conclusion that Way established he was statutorily eligible for asylum. See id. at 1487.
 
 
 5
 Because Way failed to meet the lower standard required to obtain asylum, he necessarily failed to meet the higher standard required to obtain withholding of deportation. See Aruta v. INS, 80 F.3d 1389, 1396 (9th Cir.1996).
 
 
 6
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the government initiated deportation proceedings against Way before April 1, 1997, we continue to exercise jurisdiction pursuant to 8 U.S.C. § 1105a(a) over the instant petition. See Sections 306(c)(1) and 309(c)(1) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104-208, 110 Stat. 3009 (1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656